```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


GEOFFREY C. CLAYTON                          CIVIL ACTION

VERSUS                                       NO: 10-1228

DAVID ZULLO, ET. AL.                         SECTION: J(5)
```

**ORDER**

Before the Court are Plaintiff's **Motion for Entry of Default (Rec. Doc. 12)** and Defendant the City of New Orleans' **Memorandum in Opposition (Rec. Doc. 15)**.

Plaintiff requests that an entry of default be entered against Defendant the New Orleans Police Department ("NOPD"), Defendant Warren Riley, and Defendant Rudolph Thomas. Defendant the City of New Orleans opposes the request as to each of the three defendants.

The NOPD is not a legal entity that is capable of being sued under 28 U.S.C. § 1983. Melancon v. New Orleans Police Dep't, 2009 WL 249741, *2 (E.D. La. Jan. 30, 2009) (citing Montoya v. Taylor, 44 F.3d 1005, 1995 WL 10525, *3 (5th Cir. 1995)). With regard to the claims against Defendant Riley in his individual capacity, Plaintiff failed to properly serve Defendant Riley under Federal Rule of Civil Procedure 4 or Louisiana Code of Civil Procedure Article 1234. See Fed. R. Civ. P. 4 (2010); La. Code Civ. Proc. art. 1234 (2010). With regard to the claims

against Defendant Riley in his official capacity, Defendant Riley has filed an Answer to these claims (Rec. Doc. 14). Finally, Defendant Rudolph Thomas was never a named defendant in Plaintiff's Complaint (Rec. Doc. 1) and is, therefore, not a party in the above-captioned matter. Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Entry of Default (Rec. Doc. 12)** is **DENIED**.

New Orleans, Louisiana this 19th day of January, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE